UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES LAWRENCE LIGHT,

    Petitioner,

v.                                                                Case No. 8:12-cv-1866-T-23TBM

PAUL COPENHAVEN, Warden,

    Respondent.
_____/

**O R D E R**

Light petitions for the writ of habeas corpus but he fails to identify whether he seeks relief under 28 U.S.C. § 2241, § 2254, or § 2255. Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

The face of the petition contains a "filed" stamp mark for the circuit court for Hillsborough County, but someone crossed out the stamp mark. Light cannot obtain relief under Section 2254 because the petition challenges a federal conviction. Light cannot obtain relief under Section 2241 in this district because Light is confined in a federal prison in California and this district has no authority over Warden Copenhaven. Light cannot obtain relief under Section 2255 because the one-year statute of limitation bars relief. Light is entitled to no relief.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f). In *United States of America v. James Lawrence Light*, 8:05-cr-341-15EAJ, Light was convicted of possession with the intent to distribute five grams or more of cocaine base and he was sentenced to 262 months as a career offender. The conviction was final in 2007 following the mandate on direct appeal (Doc. 72 in 05-cr-341) and the expiration of the time to petition for the writ of certiorari.[2] Light's limitation expired one year later

---

[2] The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. *Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for *certiorari* with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) "[E]ven when a prisoner does not petition for *certiorari*,

in 2008.  Each of Light's several motions for re-sentencing under Amendment 750, United States Sentencing Guidelines, was rejected as inapplicable because Light serves a career offender sentence.  Light is time-barred from obtaining relief under Section 2255.

Light cannot obtain relief under Section 2241 (Doc. 1) through the savings clause of Section 2255(e) because he cannot circumvent the preclusion of Section 2255.  A defendant cannot "use Section 2241 simply to escape the restrictions" on filing Section 2255 motions.  *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999).  Light fails to show how the remedy available in Section 2255 is inadequate—a showing required to meet the "savings clause" in Section 2255(e).

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Light and close this case.

ORDERED in Tampa, Florida, on August 24, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking *certiorari*.") (emphasis original).